# McLendon *v.* The State.

*Violating Revenue Law.*

(Decided June 28, 1912.  Rehearing denied December 17, 1912.
60 South. 406.)

*Statutes; Partial Invalidity.*—Section 33½, Acts 1911, p. 181, is not rendered invalid in toto because of the addition of an unconstitutional proviso exempting Confederate soldiers from such tax.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

C. L. McLendon was convicted of violating the revenue law, imposing license upon those engaged in the practice of law, and he appeals.  Affirmed.

For answer of the Supreme Court to the question of constitutionality propounded by the Court of Appeals, see 60 South. 392.

ARRINGTON & HOUGHTON, for appellant.  The section herein referred to unjustly discriminates in favor of ex-confederate soldiers and against other persons, and by reason thereof violates the federal and state constitutions, especially the Fourteenth Amendment of the United States Constitution.—Sections 1, 6, 29, 35, 211 and 217, Constitution 1901; *Smith v. Wolff,* 160 Ala. 650; *Montgomery v. Kelly,* 142 Ala. 555; *Phoenix C. Co. v. The State,* 118 Ala. 153; 75 S. C. 62; 165 U. S. 150; 96 Tenn. 696; Cooley's Const. Lim., 482; 33 W. Va. 179. The fact that the occupation involved in those cases, was that of peddling, should not prevent the cases being of controlling influence in this case.—63 L. R. A. 179; 56 L. R. A. 570; 99 S. W. 513; 54 Atl. 1081; 82 N. W. 959.  The fact that a part of the clause exempting ex-

confederate soldiers could be stricken out does not help the cause of the state.—*Vines v. The State,* 67 Ala. 72; *Ex parte Pollard,* 40 Ala. 77. This would be legislation not construction.—*Yerby v. Cochran,* 101 Ala. 541.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, and EDWARD S. WATTS, for the State. It was clearly within the police power to promote patriotism, and to make conspicuous and honorable any exhibition of courage, constancy and devotion to the welfare of the state.—56 L. R. A. 570. The statute here is not within the Fourteenth Amendment.—28 L. Ed. 923; 129 U. S. 26; 49 L. Ed. 945; 53 L. Ed. 739; 54 L. Ed. 678; 10 L. R. A. 137; 52 L. Ed. 1. In any event, the exception can be strciken, and the statute remain intact as to those not within the exception.—*Fourment v. The State,* 155 Ala. 109; *Montgomery v. Johnson,* 138 Ala. 263; *Harper v. The State,* 99 Ala. 28; *Ex parte Cowart,* 92 Ala. 94; *Powell v. The State,* 69 Ala. 10.

DE GRAFFENRIED, J.—This proceeding was instituted for the purpose of testing the constitutionality of section 33½ of the present revenue law (Laws 1911, p. 181), which is as follows: "Any person engaged in the practice of law, medicine, osteopathy, dentistry and veterinary surgery and any optician, architect, actuary, public accountant, civil engineer, mechanical engineer, or electrical engineer, having a place of business and charging for his services shall pay an annual license for the State only of five dollars; provided ex-Confederate soldiers who are entitled to practice any of these professions in Alabama shall not be required to pay this tax. Provided further that no person shall be required to pay this tax until after he has practiced his profes-

sion for one year." The contention is that the proviso which excepts ex-Confederate soldiers from the payment of the tax is violative of the Constitutions of the state and of the United States, and that, therefore, the entire section is void.

Under the provisions of an act approved April 18, 1911 (see Pamph. Acts 1911, p. 449, § 1), this court submitted the above question to the Supreme Court for its determination. In an opinion rendered in the cause on June 20, 1912, the Supreme Court (see *C. L. McLendon v. State,* 60 South. 392), held that the said act is not violative of the Constitution of the state. In that opinion all of the justices concur, except MAYFIELD, J., who dissents.

On the question as to whether the act is violative of the Constitution of the United States, three of the justices, viz., DOWDELL, C. J., and MCCLELLAN, and SAYRE, JJ., are of the opinion that it is not; three of the justices, viz., ANDERSON, MAYFIELD, and SOMERVILLE, JJ., are of the opinion that it is; while one of the justices, viz., SIMPSON, J., is of the opinion that the proviso is violative of the federal Constitution, and that the proviso only is void, the section being valid with the proviso stricken out.

The appellant is not an ex-Confederate soldier, and he is not covered by the objectionable proviso. As only three of the justices of the Supreme Court are of opinion that the section is void, and four of the justices are of opinion that the section is valid—three in its entirety and one without the proviso—it is our duty to uphold the judgment of the court below. Only three of the justices of the Supreme Court are of the opinion that the appellant is entitled to his discharge, while four are of the opinion that he is not. This situation is made plain by the opinion which was rendered by the

Supreme Court on the above certification. The opinion of the Supreme Court discusses all the questions presented by this record, as an examination of the opinion will disclose, and a discussion by us of any of them would be useless.

The judgment of the court below is affirmed.

Affirmed.